# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANA M. KELLEY | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. CIV-06-195-FHS-SPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

The claimant Dana M. Kelley requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of [the] evidence must

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to perform her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on February 26, 1962, and was forty-two (42) years old at the time of the administrative hearing. She has a limited, ninth grade education and has previously worked as a janitor, warehouse worker, box maker, cannery worker, kitchen helper and laundry worker II. She alleges she has been unable to work since February 1, 2002, due to hypothyroidism, an enlarged heart, arthritis, headaches, chest pains, numbness in extremities, shortness of breath, difficulty sleeping, pain and muscle spasms in the legs, dizziness, and swelling and joint soreness.

### Procedural History

On June 26, 2003, the claimant protectively filed an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. The application was denied. Following a hearing on December 9, 2004, ALJ Stephen Calvarese found that the claimant was not disabled in a decision dated May 9, 2005. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, lifting and/or carrying ten pounds frequently and twenty pounds occasionally, and standing or

walking and sitting for six hours out of an eight-hour work day. The claimant was limited to only occasional stooping, crouching, crawling, kneeling, balancing, and climbing and was to avoid exposure to fumes, gases, dust, pollen and chemicals (Tr. 23). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform existing in significant numbers in the regional and national economies, *e. g.,* vending machine attendant, delicatessen slicer, food and beverage order clerk, and small parts assembler (Tr. 24-25).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly analyze her impairments at step three; (ii) by failing to properly consider the opinion of a physician's assistant who examined her; (iii) by failing to properly analyze her credibility; and (iv) by performing an improper step five determination. The undersigned Magistrate Judge finds the claimant's third contention dispositive.

The record reveals that the claimant had severe impairments of hypothyroidism, obesity, arthralgia, asthma, and tendinitis (Tr. 20). At the administrative hearing, the claimant testified that she suffered fatigue and obesity as a result of her thyroid problem and arthritis causing pain and swelling in her knees and elbows (Tr. 378). The claimant also suffered from swelling and numbness in her feet and legs (Tr. 379-80). She had problems breathing for which she used a nebulizer four times per day and an inhaler two or three times per day (Tr. 380, 417), and she also experienced sharp pain that shot across the center of her chest at least everyday for three to four minutes (Tr. 383-84). The claimant sometimes

experienced numbness in her hands and into her arms, with the right being worse than the left, and she often dropped objects and could only lift five to ten pounds (Tr. 400-02). To relieve pain, the claimant had to elevate both her feet at least 50 percent of the day (Tr. 403). The claimant had tendinitis in her right shoulder which made it painful for her to reach with her right arm and made her unable to lift her shoulder (Tr. 410-11). She also suffered severe headaches once or twice per week which lasted at least two days and required that she lie down (Tr. 411-12).

In his written decision, the ALJ summarized the claimant's testimony and specifically mentioned: (i) that the claimant's "alleged limitations conflict[ed] with the medical assessment provided by [consulting physician Dr. Subramaniam] Krishnamurthi[;]" (ii) that the claimant's symptoms related to her lung capacity were not as severe as indicated; and, (iii) that the claimant's problems with gripping and handling were contrary to the medical evidence. The ALJ found that "the evidence tend[ed] to support Dr. Krishnamurthi's medical conclusions more than the claimant's assertions regarding her subjective complaints and alleged limitations[,]" and he concluded "that the claimant's allegations [were] not totally credible." (Tr. 23).

Deference must be given to an ALJ's credibility determination unless the ALJ misread the medical evidence taken as a whole. *Casias*, 933 F.2d at 801. An ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of

findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. The ALJ's analysis of the claimant's credibility in this case fell below these standards.

First, the only medical evidence referenced by the ALJ in his credibility determination related to the claimant's complaints of shortness of breath and her problems gripping and holding objects. For example, the ALJ noted that the claimant's pulmonary testing from January 2005 showed she had no obstructive lung defect (Tr. 23, 348), and he discussed records indicating the claimant had normal grip strength and could perform fine and gross manipulation with her hands with no difficulty (Tr. 23, 188). With regard to her shortness of breath, however, the ALJ failed to mention that the results from the pulmonary testing also indicated that "an additional restrictive lung defect [could not] be excluded by spirometry alone[,]" and that "more detailed pulmonary function testing [might] be useful if clinically indicated." (Tr. 348). *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted]. *See also Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Second, the ALJ failed to discuss the effect the claimant's use of a nebulizer might have on her ability to complete a normal workday. *See, e. g., Klitz v. Barnhart*, 180 Fed. Appx. 808, 810 (10th Cir. 2006) ("Although the ALJ acknowledged Ms. Klitz's use of the nebulizer, he never addressed any effect it might have on her ability to work . . . . The fifteen to twenty-five minute process of using the nebulizer one or two times a day on two or three days a week may be disruptive of a normal work day and affect [a claimant's] ability to perform the jobs the VE identified and on which the ALJ based his decision."), *citing Eback v. Chater*, 94 F.3d 410, 411-12 (8th Cir. 1996) (discussing how the particularities of a claimant's need to use a nebulizer could affect the ability to perform all the duties of a job). Such consideration by the ALJ was particularly important in light of the claimant's being prescribed a nebulizer in addition to an inhaler (Tr. 179, 187), her testimony that she used the nebulizer four times per day (Tr. 380, 417), and the vocational expert's testimony that unless accommodations were made for the claimant, "she would not be able to be competitive with that restriction." (Tr. 421).

Finally, the ALJ failed to explain why the claimant's complaints of pain, headaches for which she had to lie down, and her need to elevate her feet and legs were not credible even though there was medical evidence supporting some of those complaints in the record, *e. g.*, edema of the feet and legs (Tr. 153-54, 163); pain in the feet (Tr. 177, 355-56, 59), chest (Tr. 192, 306-10, 354, 360), and shoulder (Tr. 303-05, 342); numbness and tingling in the right leg (Tr. 321); and headaches (Tr. 322-25, 330). Although the ALJ found Dr. Krishnamurthi's examination findings more credible than the claimant's complaints, he still

should have indicated on what specific evidence he relied when rejecting those complaints. *See Kepler*, 68 F.3d at 391, *citing Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir. 1988) ("The failure to make credibility findings regarding the Williams' critical testimony fatally undermines the Secretary's argument that there is substantial evidence adequate to support his conclusion that claimant is not under a disability."). This was especially important with regard to the claimant's need to elevate her feet because the vocational expert testified that such a condition could impact the claimant's ability to work (Tr. 422).

Because the ALJ failed to discuss probative evidence relevant to his credibility determination in accordance with *Kepler*, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis of the claimant's credibility so the Court can assess "whether relevant evidence adequately supports the ALJ's conclusion[.]" *Clifton*, 79 F.3d at 1009. On remand, the ALJ should: (i) determine whether the claimant's subjective complaints result in further functional limitations, and if so, include those limitations in the claimant's RFC; and, (ii) redetermine what work, if any, the claimant can perform and whether she is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings as set

forth above. The parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this $\underline{15th}$ day of October, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**